IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OVERBY-SEAWELL COMPANY,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action Number |
| | ) **02-C-1543-S** |
| **VESTA INSURANCE CORP.** | ) |
| Defendant. | ) |

**ENTERED**
MAR 19 2004

# MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before this Court is Plaintiff Overby-Seawell Company's Motion for Partial Summary Judgment. Based on the genuinely undisputed facts, Plaintiff is entitled to partial judgment as a matter of law on its claim of breach of contract.

## I. THE UNDISPUTED MATERIAL FACTS

1. This action is the result of an alleged breach of contract, stemming from an agency relationship between the parties, which commenced in 1992.

2. Defendant Vesta Insurance Company ("Vesta") is an insurance company based in Birmingham, Alabama.

3. Plaintiff Overby-Seawell Company ("Overby") is an insurance agency based in Kennesaw, Georgia.

4. Pursuant to a contract between the parties, Overby became the authorized insurance agent for Vesta.

5. Overby marketed several different lines of property insurance for Vesta under different contracts. One line authorized by Vesta was a Vendor's Single Interest line ("VSI").[1] A second insurance line was a Mortgage-Security Program ("MSP"). Vesta and Overby entered into separate agreements with regard to the VSI and the MSP lines.

6. Under the VSI agreement, profits and losses on VSI policies sold by Overby were to be divided equally, and deductions were to be shared equally between the parties when profits and losses were calculated. Such deductions included the amount paid for commissions, net losses, and other associated fees. (*See* Def., Ex. 2, at 18.)

7. Section 6.02 of the MSP agreement, which accorded to Overby a 32.5% provisional commission, contained the following provision:

> Within sixty (60) days after September 30, 1998, and within sixty (60) days after each year thereafter, the COMPANY [Vesta] shall calculate and report the adjusted commission on premiums earned for the period under consideration. Of the adjusted commission on premiums earned is less than commissions previously allowed by the COMPANY [Vesta] on premiums, the AGENT [Overby] shall remit the difference to the COMPANY [Vesta]. If the adjusted commission on premiums earned is more than commissions previously allowed by the COMPANY [Vesta] on premiums earned, the COMPANY [Vesta] shall remit the difference to the AGENT [Overby]. The debtor party shall remit the difference due within thirty (30) days of receipt of the report showing the difference due.

---

[1] VSI or "collateral protection insurance" is sold to banks and other lending institutions when it appears that a borrower has not obtained insurance for a vehicle he or she has purchased with money borrowed by the bank. In this way, the lender is protected if the collateral is damaged or destroyed. (Vesta Br. at 3, n. 1.)

(Pla., Ex. 2.) The provisional commission would be adjusted upwardly or downwardly, depending on the loss ratio of the program. (*See id.*) Thus, while the agreement was in effect, whether Overby was entitled to additional commissions or had to return a portion of the provisional commission to Vesta was dependent on the losses the program sustained. (*See id.*)

8. On September 30, 2000, or shortly thereafter, Vesta calculated the payment pursuant to 6.02 of the MSP agreement. The result of the calculations was that Vesta owed Overby $205,321.83. (*See* Pla., Ex 3.) The undisputed testimony of Russell Crouch, Vice President of the MSP program for Vesta, and Teresa Woodruff, Vesta Manager of Accounting Projects, confirms that this amount is owed Overby pursuant to the MSP agreement. (*See* Crouch Dep. and Woodruff Dep., Def. Ex 4, 5.)

9. On July 1, 2001, Vesta and Overby terminated their agency relationship. (*See* Crouch Aff., Def. Ex. 1.)

10. Based on the applicable contractual provisions, Overby initiated this action against Vesta, seeking damages for Vesta's failure to the pay the monies due to Overby under the MSP contract.

11. Additionally, Overby seeks attorneys fees pursuant to Section 6.04 of the MSP agreement, which provides:

> Should either party to this contract fail to pay amounts due the other when due, the defaulting party shall bear any collection, or other expenses, including reasonable attorneys fees, expended to enforce collection.

(Pla., Ex. 1, at 12.) Lastly, Overby requests statutory interest on the $205,321.83. *See* §§ 8-

8-8, 8-8-10 *Alabama Code* (1975).

## II. APPLICABLE LAW

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). The reviewing court must view the facts in a light most favorable to the non-moving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

To recover on a breach of contract claim, a plaintiff must prove: (1) existence of a valid contract; (2) his own performance under the contract; (3) the defendant's non-performance; (4) damages. *Southern Med. Health Sys., Inc v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995). The Court applies ordinary rules of contract construction in reading the contract at issue. *See Wheelan v. Sessions*, 50 F. Supp. 1168 (M.D. Ala. 1999). Thus, if a contract is unambiguous on its face, there is no room for construction, and it must be enforced as written. *Southland Quality Homes, Inc. v. Williams*, 781 So. 2d 949, 953 (Ala. 2000).

## III. ANALYSIS

Based on the undisputed evidence, Plaintiff Overby is entitled to judgment as a matter of law on its breach of contract claim. The MSP contract is clear and unambiguous; hence the Court cannot rewrite the parties agreement.

The undisputed facts reflect that as of December 30, 2000, Vesta owed Overby

$205,321.83.

Accordingly, by separate order, the Court will grant partial Summary Judgment on the breach of contract claim.   Plaintiff is also entitled to statutory interest on the amount owed beginning December 30, 2000, and continuing to the present date. *See* §§ 8-8-8, 8-8-10 *Alabama Code* (1975).

The case shall otherwise proceed on the amount, if any, of any setoff to which Vesta may be entitled.

Done this _19th_ day of March, 2004.

_____
Chief United States District Judge
U.W. Clemon